IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL BRADLEY,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 14-3221 |
| | : | |
| **CITY OF BETHLEHEM, et al.,** | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                           **February 10, 2016**

The plaintiff brings this Section 1983 suit against the defendants, the City of Bethlehem and Officer Blake Kuntz, after he was incarcerated for 102 days for a crime he did not commit.  The defendants now move for summary judgment.  For the following reasons, I will grant the defendants motion and dismiss the plaintiff's Complaint with prejudice.

**I.    BACKGROUND[1]**

The plaintiff, Daniel Bradley, is an adult individual who filed his initial Complaint on June 2, 2014.  See generally Compl.  On August 25, 2014, he filed his "Amended

---

[1] When reviewing a motion for summary judgment, the Court does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion, here the plaintiff.  Siegel Transfer v. Carrier Express, 54 F.3d 1125, 1127 (3d. Cir.1995); see also Kiniropoulos v. Northampton Cnty. Child Welfare Serv., No. CIV.A. 11-6593, 2014 WL 1681996, at *4 (E.D. Pa. Apr. 29, 2014) aff'd, 606 F. App'x 639 (3d Cir. 2015) (stating the same).  Where the facts are uncontested, I will refer to the defendants' statement of material and uncontested facts.  See Doc. No. 36.  Furthermore, because I write mainly for the parties, who are familiar with the factual background of this action, I will only recite the facts relevant to the resolution of the instant motion.

1

Joinder Complaint."[2] See generally Am. Compl. In his Amended Complaint, the operative complaint in this action, the plaintiff named as defendants the City of Bethlehem and one of its police officers, Blake Kuntz,[3] and alleged violations of his constitutional rights pursuant to Section 1983. See generally id. The plaintiff asserts claims against defendant Kuntz for: (1) illegal seizure in violation of the Fourth Amendment (Count I); (2) deprivation of liberty and due process in violation of the Fifth and Fourteenth Amendments (Count II); (3) false arrest/false imprisonment (Count IV); and (4) malicious prosecution (Count V). See generally id. Additionally, the plaintiff asserts a failure to train claim against the defendant City of Bethlehem (Count III). Id.

The plaintiff's claims stem out of the incidents surrounding his arrest in December 2013. On December 4, 2013, defendant Kuntz received a complaint from an adult individual, Rosemary Johnson ("Ms. Johnson"), regarding a theft at her residence that she believed had occurred a few days earlier. See Doc. No. 36 ¶ 1. Ms. Johnson told defendant Kuntz that she had permitted the plaintiff to stay with her in her home. Id. at ¶ 2. She further stated that when she woke up on the morning of November 30, 2013, the plaintiff was no longer at her home and both her checkbook and $150.00 in cash were missing. Id. According to Ms. Johnson, the plaintiff was the only person that had access to her residence when the items went missing. See id. at 12. When asked why she had not contacted the police earlier, Ms. Johnson stated that she chose not to do so because

---

[2] For purposes of this motion, I will refer to this complaint as the "Amended Complaint."
[3] The plaintiff also named the County of Northampton, John M. Morganelli, and Travis J. Weber as defendants in his Amended Complaint. Doc. No. 19. On September 30, 2014, the plaintiff filed a notice of voluntary dismissal with regards to the claims pending against these defendants. See Doc. No. 34. As such, only the City of Bethlehem and Officer Blake Kuntz remain as defendants.

2

the plaintiff was her grandson's father. Id. at 59. After another unrelated incident with the plaintiff on December 4, 2013, however, Ms. Johnson chose to contact the police to report the theft. Id.

Defendant Kuntz, who was already familiar with Ms. Johnson due to his work with Bethlehem's community policing program, met with Ms. Johnson as part of his investigation into her claims. See id. at ¶ 4; see also id. at 58–59. He concluded that although Ms. Johnson suffered from mental health issues, based upon his previous experience with Ms. Johnson "she appeared to be very clear, specific, and coherent about her facts" when discussing the theft. Id. at 58; see also Kuntz Dep. 55:6–12, Jan. 16, 2015 ("In the past, through working with Miss Johnson and seeing her notes to her caseworkers and notes about this and that, they were sort of all over the place. Whereas, this circumstance, she very clearly had it written down in a clear fashion, of what it was."). He further noted in his incident report that he personally verified from her ledger, "in which she recorded the money she spent," that Ms. Johnson should have had the $150.00 cash that she alleged was missing from her purse. Id.

After his meeting with Ms. Johnson, defendant Kuntz obtained an arrest warrant for the plaintiff. See id. at 59. The plaintiff was ultimately arrested pursuant to that warrant on December 6, 2012. See id. at ¶ 12. Defendant Kuntz met with the plaintiff on that same day. Id. at ¶ 13. A preliminary hearing was held on February 12, 2014.[4] See id. at 65. At that hearing, at which Ms. Johnson testified, the unlawful taking charge was

---

[4] The Preliminary Hearing transcript is incorrectly dated April 15, 2014. See Defs.' Mot. Summ. J. 5 n.2.

bound over for trial while the receiving stolen property charge was dismissed. See generally id. at 65-85.

Sometime after the preliminary hearing, defendant Kuntz received a telephone call from Assistant District Attorney Travis Weber regarding the charges that the plaintiff faced. Id. at ¶ 16. ADA Weber explained to defendant Kuntz that "there had been a paper provided by [the plaintiff] or his attorneys, documenting that [the plaintiff] had been in a mental health facility or hospital type facility on the date of the offense— reported date of the offense." Kuntz Dep. 67:1–6. This information was not disclosed by either the plaintiff or his attorney at the preliminary hearing. Doc. No. 36 at ¶ 21. Rather, both parties agree that the first time that defendant Kuntz learned that the plaintiff was in a mental health facility on the reported date of the offense was when he received ADA Weber's phone call.[5] Doc. No. 36 at ¶ 17.

## II. STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" when "a reasonable jury could return a verdict for the nonmoving party" based on the evidence in the record. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it "might affect the outcome of the suit under the governing law." Id.

---

[5] The parties also agree that at the time of the preliminary hearing, defendant Kuntz was not aware that the plaintiff was in a mental health facility on the reported date of the offense. Doc. No. 36 at ¶ 18.

4

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating to the district court that "there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must draw "all justifiable inferences" in favor of the non-moving party. Anderson, 477 U.S. at 255. The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's "version of events against the opponent, even if the quantity

of the [moving party's] evidence far outweighs that of its opponent." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

### a. Defendant Kuntz is Entitled to Summary Judgment, as a Reasonable Jury Could Not Conclude that He Acted Without Probable Cause

As a threshold matter, each of the claims that the plaintiff asserts against defendant Kuntz require the same threshold element—that the plaintiff prove that defendant Kuntz did not have probable cause either at the time that he sought the arrest warrant, for Counts I, II and IV, or at the time that he pursued the charges against the plaintiff at the preliminary hearing for Count V.

As the Supreme Court has noted, probable cause is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of rules." Illinois v. Gates, 462 U.S. 213, 232 (1983); see also U.S. v. Burton, 288 F.3d 91, 98 (3d Cir. 2002). This standard "requires more than mere suspicion." Burton, 288 F.3d at 98 (internal quotation mark and citation omitted). Rather, the inquiry is whether the officer had at the time of arrest "the facts and circumstances within their knowledge and of which they had reasonable trustworthy information" sufficient "to warrant a prudent man in believing that [the individual arrested] had committed or was committing an offense." Id. (internal quotation marks and citation omitted). Thus, at the time of arrest, an officer need not have evidence sufficient to prove guilt beyond a reasonable doubt. Id. Because I find that there is no

genuine issue of material fact regarding whether defendant Kuntz had probable cause, I will grant the defendants' motion for summary judgment.

### i. False Arrest/False Imprisonment (Count IV)

To proceed on Count IV of his Amended Complaint, the plaintiff must demonstrate that police lacked probable cause to arrest him. Thus, "[t]he proper inquiry in a section 1983 (sic) claim based on false arrest . . . is not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995)(internal quotation marks and citation omitted). Furthermore, "the existence of probable cause to arrest bars a subsequent action by the arrestee for a violation of civil rights arising from the arrest." Hahn v. O'Donnell, No. CIV. A. 93-4440, 1994 WL 440226, at *1 (E.D. Pa. Aug. 12, 1994).

Here, the plaintiff was arrested pursuant to an arrest warrant that was obtained by defendant Kuntz. See Doc. No 36 at ¶ 12. This is not fatal to plaintiff's claim, however, as "[a]n arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000) (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). Instead, a plaintiff may prevail "in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or

omissions are material, or necessary, to the finding of probable cause.'" Wilson, 212 F.3d at 786–87 (quoting Sherwood, 113 F.3d at 399). The plaintiff cannot meet this burden.

The record demonstrates – and the plaintiff concedes – that when defendant Kuntz sought an arrest warrant for the plaintiff's arrest he was unaware that the plaintiff had been hospitalized on the date the theft allegedly occurred. See Doc. No. 36 at ¶ 17. In fact, the parties agree that he did not learn that the plaintiff had been in a mental health facility on the date the offense allegedly occurred until after the preliminary hearing. Id. The plaintiff also has not pointed to any evidence that defendant Kuntz was aware that the plaintiff could not have committed the crime at the time he applied for the warrant. Rather, what the record demonstrates is that defendant Kuntz launched an investigation into the victim's claims before he sought and obtained a warrant for the plaintiff's arrest. As part of that investigation, defendant Kuntz interviewed the victim, an individual with whom he had interacted in the past, and also verified that she would have had the money she claims was stolen in her purse at the time she alleged the crime occurred. He also determined that Ms. Johnson was able to relay information in a credible manner based upon his past interactions and experience with her. Probable cause does not require that defendant Kuntz have had evidence that was sufficient to prove the plaintiff's guilt beyond a reasonable doubt when he sought the warrant. See Burton, 288 F.3d at 98.

As such, I find that a reasonable jury could not conclude that defendant Kuntz did not have probable cause to seek an arrest warrant nor could it conclude that he "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant." See Wilson,

212 F.3d at 786–87.  Therefore, I will grant defendant Kuntz summary judgment on plaintiff's false arrest/false imprisonment claim, as contained in Count IV of the plaintiff's Amended Complaint.

### ii. Malicious Prosecution (Count V)

In Count V of his Amended Complaint, the plaintiff asserts a claim for malicious prosecution under both state law and under Section 1983.  See Am. Compl. at ¶¶ 54–61.  Both claims require a showing that defendant Kuntz acted without probable cause.[6]  As I note above, the parties agree that defendant Kuntz did not learn that the plaintiff had been in a mental health facility on the reported date of the offense until after the preliminary hearing.  See Doc. No. 36 at ¶ 17.  Thus, the evidence demonstrates that defendant Kuntz had probable cause to believe that the plaintiff had committed the crimes with which he was charged.  Moreover, the plaintiff has failed to identify any evidence that would demonstrate that defendant Kuntz acted with malice when he initiated the criminal proceedings against the plaintiff.  As such, the plaintiff's malicious prosecution claims – whether brought under state or federal law – must fail as a matter of law, and I will grant defendant Kuntz's motion for summary judgment with regards to Count V of the plaintiff's Amended Complaint.

---

[6] To prove a malicious prosecution claim advanced under Section 1983, the plaintiff must demonstrate that: (1) the defendant initiated a criminal proceeding; (2) that proceeding ended in the defendant's favor; (3) the defendant initiated the proceeding without probable cause;(4) the defendant acted with malice or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceeding.  Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007).  When a malicious prosecution claim is brought under Pennsylvania law, the plaintiff must prove that the defendant instituted proceedings against the plaintiff  "(1) without probable cause, (2) with malice, and (3) the proceedings must have terminated in the favor of the plaintiff."  See Lawson v. Pennsylvania, Civ. Act. No. 13-7403, 2015 WL 4976523, at *7 (E.D. Pa. Aug. 20, 2015).

### iii.   Illegal Seizure/Due Process Claims (Counts I and II)

Plaintiff also asserts claims of illegal seizure in violation of the 4th Amendment and deprivation of liberty and due process under the 5th and 14th Amendments.[7] See Am. Compl. at ¶¶ 28-37.  The Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."  Albright v. Oliver, 510 U.S. 266, 273 (1994)(quoting Graham v. Connor, 490 U.S. 386 (1989))(internal quotation marks omitted); see also Cnty. of Sacramento v. Lewis, 523 U.S. 833, 841 (1998)(noting the Court's reluctance "to expand the concept of substantive due process.").  Therefore, these claims are duplicative of the other claims that the plaintiff has asserted in Counts IV and V of his Amended Complaint for false imprisonment/false arrest and malicious prosecution

The plaintiff's 4th Amendment claim must be analyzed under the 4th Amendment's requirements that a seizure be supported by probable cause.  See Hanks v. Cnty. of Delaware, 518 F.Supp.2d 642, 648 (E.D. Pa. 2007) ("An arresting officer violates this right when the officer arrests a person without probable cause.")(citing Dowling v. City of Philadelphia, 855 F.3d 136 (3d Cir. 1988).  For the reasons noted above, this claim also fails, as no reasonable jury could find that the plaintiff was arrested without probable

---

[7]  It is not clear how the plaintiff is asserting his claim under the 5th Amendment.  Because the plaintiff fails to address his 5th Amendment claim in his brief in opposition of summary judgment, I will assume that he does not oppose the motion for summary judgment on his 5th Amendment claim.

cause.  Therefore, I will grant defendant Kuntz's motion for summary judgment on Counts I and II of the plaintiff's Amended Complaint.

> **b. Defendant City of Bethlehem is Entitled to Summary Judgment Because a Reasonable Jury Could Not Concluded That the City Failed to Train Defendant Kuntz (Count III)**

Count III of the plaintiff's Amended Complaint contends that the defendant City of Bethlehem violated Section 1983 by failing to adequately train defendant Kuntz.  See Am. Compl. ¶¶ 38–46.  A municipality may be "subject to liability for a constitutional violation committed by an employee if that 'employee has not been adequately trained and the constitutional wrong has been caused by that failure to train.'" Martin v. City of Reading, No. 5:12-CV-03665, 2015 WL 4601120, at *12 (E.D. Pa. July 31, 2015) (quoting City of Canton v. Harris, 489 U.S. 378, 387 (1989)).  Thus, the Third Circuit has concluded that establishing a failure to train claim under Section 1983 is a difficult task because plaintiffs "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. Cnty. of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).

Here, the plaintiff has not his burden.  Specifically, he has not identified a specific training or type of training that the defendant City of Bethlehem has failed to provide defendant Kuntz that would have prevented the plaintiff's alleged injuries.  As such, under the court's reasoning in Reitz, the plaintiff's claim must fail as a matter of law and I will grant the defendant City of Bethlehem's motion for summary judgment.

## IV.	CONCLUSION

The plaintiff has failed to demonstrate that there are genuine disputes of material fact with regards to his Section 1983 claims against the defendants, the City of Bethlehem and Officer Blake Kuntz.  As such, I will grant the defendants' Motion for Summary Judgment.

An appropriate Order follows.